**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

_____

| | | |
|---|---|---|
| SCOTTSDALE INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| | ) | |
| Pallets 4 Less, Alfredo Alvarado and Raul | ) | |
| Ballesteros. | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

_____

**COMPLAINT FOR DECLARATORY JUDGMENT**
_____

Plaintiff, Scottsdale Insurance Company ("Scottsdale"), by and through its attorneys, Meagher & Geer, PLLP, hereby makes its Complaint for Declaratory Judgment against Pallets 4 Less, Alfredo Alvarado and Raul Ballesteros and alleges as follows:

**<ins>INTRODUCTION</ins>**

1.      This is an insurance coverage action seeking declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.  Plaintiff seeks a determination of the parties' rights and obligations under an insurance policy issued by Scottsdale to Pallets 4 Less with respect to the Underlying Litigation brought by Mr. Ballesteros against Pallets 4 Less and Mr. Alvarado.  This controversy arises out of a personal injury lawsuit filed by Mr. Ballesteros against Pallets 4 Less and Mr. Alvarado on August 4, 2017, currently pending in the Circuit Court of Cook County, Illinois,

Court File No. 2017L007922 (the "Underlying Lawsuit"). Scottsdale is currently defending Mr. Alvarado and Pallets 4 Less in the Underlying Lawsuit under a full reservation of rights. Disputes exist between the parties regarding whether there is coverage for the Underlying Lawsuit and whether Plaintiff has a duty to defend and indemnify Pallets 4 Less and Mr. Alvarado in the Underlying Lawsuit. Consequently, Plaintiff seeks a declaration that:

(a)     the Scottsdale Policy does not provide coverage for the claims asserted against Pallets 4 Less and Mr. Alvarado in the Underlying Lawsuit;

(b)     Scottsdale has no duty to continue defending Pallets 4 Less and Mr. Alvarado in the Underlying Lawsuit because there is no coverage under the Policy and can withdraw from the defense of Pallets 4 Less and Mr. Alvarado;

(c)     Scottsdale has no duty to indemnify Pallets 4 Less and Mr. Alvarado in the Underlying Lawsuit because there is no coverage under the Policy.

## PARTIES

2.     Scottsdale is an Ohio corporation with its principal place of business in Columbus, Ohio. Thus, Scottsdale is a citizen of the state of Ohio.

3.     Pallets 4 Less is an Illinois corporation with its principal place of business in Chicago, Illinois and, thus, is a citizen of the state of Illinois.

4.     Alfredo Avarado, an individual, is a citizen of Illinois.

5.     Raul Ballesteros, an individual, is a citizen of Illinois.

6.     Mr. Ballesteros, as the plaintiff in the Underlying Lawsuit, has or may have an interest in the subject matter of this action that might be affected by the declaratory relief sought

by Scottsdale; accordingly, Mr. Ballesteros is named as a defendant in this declaratory judgment action.

## JURISDICTION AND VENUE

7.     This declaratory judgment action is brought pursuant to 28 U.S.C. §§ 2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

8.     An actual justiciable controversy exists between Scottsdale and the defendants within the meaning of 28 U.S.C. § 2201 regarding the scope and extent of insurance coverage provided under the Scottsdale Policy, as more particularly described below.

9.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because the suit is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.   The potential costs of defense and indemnity owing to Pallets 4 Less and Mr. Alvarado will exceed $75,000 if coverage for the claims asserted in the Underlying Lawsuit is found to exist under the Scottsdale Policy at issue.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to this action occurred in this District.

## UNDERLYING LAWSUIT

11.     In the Underlying Lawsuit, Mr. Ballesteros alleges he was injured on August 6, 2015 while working at a premise located at 7724 South Claremont Avenue or 7728 South Claremont Avenue or 7724 through 7728 South Claremont Avenue, in the City of Chicago.   Mr. Ballesteros alleges that on that date he was on the subject premise in the course of his employment.

12.     In the Underlying Lawsuit, Mr. Ballesteros asserts that, as the result of negligence by Pallets 4 Less and Mr. Alvarado, he sawed three fingers while cutting wood with a table saw. He asserts that he has suffered severe and permanent injuries and great bodily pain and suffering.

13.     Upon information and belief, Mr. Alvarado is the president of Pallets 4 Less. Mr. Ballesteros asserts in the Underlying Lawsuit that Mr. Alvarado is, individually, a contractor, who was engaged in managing the table saw which injured Mr. Ballesteros. Accordingly, the Underlying Lawsuit asserts that Mr. Alvarado is individually liable for Mr. Ballesteros' injuries.

14.     Mr. Ballesteros has asserted that both Pallets 4 Less and Mr. Alvarado were negligent in failing to provide Mr. Ballesteros a safe place to work and in failing to properly supervise Mr. Ballesteros.

15.     Upon information and belief, Mr. Ballesteros was an employee of Pallets 4 Less at the time of his injury. Indeed, after being served with the Underlying Lawsuit, on November 1, 2017, Pallets 4 Less and Mr. Alvarado filed a motion to dismiss the claims against them on the basis that Mr. Ballesteros' claims were barred by the Illinois Workers' Compensation Act and indicated in that filing that Mr. Ballesteros had filed a claim with the Illinois Worker's Compensation commission indicating he was an employee of Pallets 4 Less. Upon information and belief, Mr. Ballesteros filed his workers' compensation claim on August 11, 2015.

16.     Upon information and belief, the motion to dismiss the Underlying Lawsuit has not been resolved and Mr. Ballesteros' workers' compensation claim is also still pending.

## TENDER TO SCOTTSDALE

17.     Mr. Alvarado and Pallets 4 Less tendered the defense of the Underlying Lawsuit to Scottsdale on April 23, 2018, eight months after the Underlying Lawsuit had been initiated. At the time of tender, counsel for Mr. Alvarado and Pallets 4 Less indicated that the claim had

not previously been tendered because defendants Mr. Alvarado and Pallets 4 Less believed they did not have insurance coverage for the claim.

18.    On or about July 13, 2018, Scottsdale agreed to provide a defense to Mr. Alvarado and Pallets 4 Less under a complete and full reservation of rights.  Scottsdale specifically reserved its rights to deny coverage based on the late notice of the Underlying Lawsuit and based on the Employer's Liability and Worker's Compensation exclusions in the Scottsdale Policy.  Scottsdale also reserved rights to deny coverage and withdraw from the defense if Pallets 4 Less and Mr. Alvarado failed to cooperate in the defense of the Underlying Lawsuit.  In addition, Scottsdale reserved the right to deny coverage to Mr. Alvarado to the extent he is individually liable to Mr. Ballesteros and does not meet the definition of an "insured" under the Scottsdale Policy.

**THE POLICY**

19.    Scottsdale issued a commercial general liability policy, policy number CPS2239727, to Pallets 4 Less for the time period of May 12, 2015 to May 12, 2016 (the "Policy").  The Policy was canceled on September 15, 2015.  The Policy is subject to a $1 million occurrence limit.

20.    The Policy excludes coverage for bodily injury to any employee of Pallets 4 Less. Specifically, the Policy's employer liability exclusion states as follows:

**2.    Exclusions**

This insurance does not apply to:

* * * *

     **e.    Employer's Liability**

       "Bodily injury" to:

       (1)     An "employee" of the insured arising out of and in the course of:

           (a)     Employment by the insured; or

           (b)     Performing duties related to the conduct of the insured's business; or

       (2)     The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.

This exclusion does not apply to liability assumed by the insured under an "insured contract".

21.    The policy also excludes coverage for any obligation of the insured under a workers' compensation law:

**2.**    **Exclusions**

This insurance does not apply to:

\* \* \* \*

    **d.**    **Workers' Compensation And Similar Laws**

        Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

22.    The policy also provides the following applicable conditions to coverage:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

**2.**    **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

a.    You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

    (1)    How, when and where the "occurrence" or offense took place;

    (2)    The names and addresses of any injured persons and witnesses; and

    (3)    The nature and location of any injury or damage arising out of the "occurrence" or offense.

b.    If a claim is made or "suit" is brought against any insured, you must:

    (1)    Immediately record the specifics of the claim or "suit" and the date received; and

    (2)    Notify us as soon as practicable.

You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

c.    You and any other involved insured must:

    (1)    Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

    (2)    Authorize us to obtain records and other information;

    (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

    (4)    Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.    No insured will, except at that insured's own cost, voluntarily make a payment, assume any obligation, or incur any expense, other than for first aid, without our consent.

23.    With respect to who is an an insured under the policy, the policy states as follows:

## SECTION II – WHO IS AN INSURED

1.    If you are designated in the Declarations as:

* * * *

d.    An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

7

* * * *

2.      Each of the following is also an insured:

    a.      Your "volunteer workers" only while performing duties related to the conduct of your business, or your "employees", other than either your "executive officers" (if you are an organization other than a partnership, joint venture or limited liability company) or your managers (if you are a limited liability company), but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business.

24.     The Employer's Liability exclusion bars coverage for Mr. Ballesteros' claims against Mr. Alvarado and Pallets 4 Less.  In addition, the other terms, conditions, and exclusions, in the Policy, including but not limited to those cited above, may further bar or limit coverage to Pallets 4 Less and Mr. Alvarado for Mr. Ballesteros' claims.

## COUNT I
## DECLARATORY JUDGMENT

25.     Plaintiff hereby incorporates and realleges the allegations in Paragraphs 1 - 24 as if fully set forth herein.

26.     There exists a genuine and bona fide dispute and actual controversy and disagreement between Scottsdale and the Defendants concerning whether Scottsdale has an obligation to defend or indemnify Pallets 4 Less and/or Mr. Alvarado with respect to Mr. Ballesteros' Underlying Lawsuit.

27.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, Scottsdale in good faith requests that the Court declare that Scottsdale has no obligation to defend Pallets 4 Less or Mr. Alvarado with respect to Mr. Ballesteros's Underlying Lawsuit and that Scottsdale can withdraw its defense of Pallets 4 Less and Mr. Alavarado in the Underlying Lawsuit.

28.     Pursuant to the Uniform Declaratory Judgment Act, 28 U.S.C. §§ 2201 through 2202, Scottsdale in good faith requests that the Court declare that Scottsdale has no obligation to indemnify Pallets 4 Less or Mr. Alvarado with respect to Mr. Ballesteros's Underlying Lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter judgment as follows:

(1)     For judgment declaring that Plaintiff has no duty to defend Pallets 4 Less and Mr. Alvarado in the Underlying Lawsuit and that Plaintiff can withdraw from the defense of Pallets 4 Less and Mr. Alvarado;

(2)     For judgment declaring that Plaintiff has no duty to indemnify Pallets 4 Less and Mr. Alvarado in the Underlying Lawsuit; and

(3)     For such other and further relief that this Court may deem just and proper.

Respectfully submitted,

SCOTTSDALE INSURANCE COMPANY

Dated: <u>4-16-19</u>

<u>/s Kyle McConnell</u>
One of Its Attorneys

Kyle McConnell
MEAGHER & GEER, PLLP
216 N. Jefferson Street, Suite 100
Chicago, IL 60661
312-463-1045
312-463-1046 (fax)
kmcconnell@meagher.com
ARDC No. 6311216